PER CURIAM.
The appellant filed a rule 3.850 motion raising two claims. We affirm the summary denial of claim two without further discussion. For the reasons discussed below, we reverse the summary denial of the first claim and remand for the trial court to either attach record documents conclusively refuting it or to hold an evidentiary hearing.
The appellant was arrested in Duval County for cocaine possession charges and then bonded out. He claims his public defender was attempting to negotiate with the state to have him placed in a drug program rather than receiving incarceration. While out on bond, he was arrested in Jackson County on new charges of resisting arrest with violence and “false 911 calls[.]” He states that after this Jackson *933 County arrest counsel advised him that all pending negotiations were off due to the new charges. He later retained private counsel and told counsel that he believed the Jackson County charges would be dismissed. He claims that he insisted to counsel that he felt strongly that it was still possible to negotiate with the state for the appellant to be placed in a drug treatment program rather than to be incarcerated for the Duval County charges.
The appellant claims that on October 14, 2010, just prior to the appellant’s appearance before the Duval County court, counsel took the appellant out of the courtroom holding cell and told him that because of the Jackson County charges the state was no longer willing to negotiate to send the appellant to a drug treatment program. Instead, according to the appellant, the state offered to make a deal of 13 months’ imprisonment, and the state told counsel that that was its final offer. Based on counsel’s representation, the appellant then pled to the possession charges, and the court sentenced him to 13 months’ imprisonment. The appellant then claims that he later learned that the state had dropped the new Jackson County charges on October 8, 2010, or six days before he pled to the Duval County charges.
The appellant argues that pursuant to Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), counsel acted ineffectively because he failed to investigate and determine that the pending Jackson County charges had been dropped prior to the hearing before the Duval County court when the appellant entered a plea in this case. He argues that if counsel had so acted, then he likely would have received a better offer from the state, and as an example he cites the previously discussed placement in a drug treatment program which he insists was on the table for negotiation prior to the Jackson County charges being lodged against him.
We conclude that the appellant has made a facially sufficient claim that he suffered prejudice as a result of counsel’s failure to determine that the Jackson County charges had been dropped six days prior to the appellant’s plea hearing in the Duval County court. See Strickland. We therefore reverse and remand for the trial court to either attach portions of the record that conclusively refute the appellant’s claim or to hold an evidentiary hearing on the matter.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
WOLF, LEWIS, and WETHERELL, JJ., concur.